IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                               No. 1:22-CR-404-WJ

JUSTIN JARRETT,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT'S MOTION FOR CLARIFICATION OF SENTENCE

**THIS MATTER** comes before the Court upon Defendant Jarrett's *pro se*[1] Motion for Clarification of Sentence in a Criminal Case, filed August 31, 2023 (**Doc. 42**). The Government filed a response in opposition (**Doc. 46**). For the reasons stated below, the Defendant's Motion is **DISMISSED without prejudice**.

### BACKGROUND

On September 16, 2021, law enforcement found Mr. Jarrett asleep in a car containing hundreds of fentanyl pills as well as multiple firearms and ammunition. **Doc. 29 at 4**. He was then charged by Criminal Complaint (**Doc. 1**) on September 17, 2021, with violations of 18 U.S.C. §§ 922(g)(1) and 924.

On March 14, 2022, Defendant pled guilty pursuant to a Rule 11(c)(1)(C) Plea Agreement (**Doc. 29**) to the sole count on the Information (**Doc. 25**)—which alleged that he possessed with intent to distribute 40 grams and more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] The Court liberally construes Defendant's *pro se* pleading but does not make arguments for or otherwise advocate on his behalf. *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005)).

(b)(1)(B). **Doc. 29 at 4**. Pursuant to Rule 11(c)(1)(C) deal, the Parties recommended a specific sentence of 63 months' imprisonment. *Id.* **at 5**. Defendant appeared for sentencing on June 13, 2022, at which time this Court accepted the Plea Agreement and sentenced Defendant to a term of 63 months' imprisonment. **Doc. 41**.

On August 31, 2023, Defendant Jarrett filed the instant motion asking the Court to address Bureau of Prison's ("BOP") determination that he is ineligible to earn time credits under the First Step Act while in custody. **Doc. 42**.

## DISCUSSION

### I. Jurisdictional Defect

Defendant Jarrett "disagrees" with the BOP's interpretation regarding his eligibility for time credit, **Doc. 42 at 1**, and therefore requests this Court "further define and extrapolate" upon his Judgment. *Id.* Although phrased as a "clarification of sentence," Defendant actually seeks review of the BOP's determination regarding ineligibility for time credit under the First Step Act of 2018. *See* 18 U.S.C. § 3632(d)(4).

Sometimes federal courts must "ignore the label that a *pro se* litigant attaches to a motion."[2] *Castro v. United States*, 540 U.S. 375, 381 (2003); *see also Warren v. United States*, 707 F. App'x 509, 511 n.4 (10th Cir. 2017) (unpublished) (explaining § 2241 application is appropriate when a prisoner seeks matters "affecting the fact or duration of custody"). In this case, the Court does just that—construing Defendant's motion as a petition under 28 U.S.C. § 2241 challenging the execution of his sentence. *See Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016); *United States v. Miller*, 594 F.3d 1240, 1241–42 (10th Cir. 2010).

---

[2] The Court also notes that Defendant may have filed his motion as one asking the Court to "define and extrapolate" because he expressly waived his right to bring a collateral attack under 28 U.S.C. § 2241 in his Rule 11(c)(1)(C) Plea Agreement. **Doc. 29 at 7–8**.

Defendant brings this motion as part of his closed criminal action. As the movant, he bears the burden to establish that the Court has jurisdiction to hear the case. *See United States v. Garcia-Herrera*, 894 F.3d 1219, 1220–21 (10th Cir. 2018); 18 U.S.C. § 3231.

The Court concludes that it lacks jurisdiction to entertain Defendant's motion. Defendant is currently housed outside[3] of the District of New Mexico. And, as the Government correctly states, Defendant must seek judicial review of his claim for time credit in the district of his confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[J]urisdiction lies in only one district: the district of confinement."); *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (explaining claims that "attack the execution of a sentence . . . must be filed in the district where the prisoner is confined."); *see also United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) ("Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."). Because the pleading involves the execution of his sentence outside the District of New Mexico, the Court lacks jurisdiction. *Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011). Thus, Defendant's petition for a Writ of Habeas Corpus must be dismissed without prejudice.

**II. Transfer is Inappropriate**

A district court may, *sua sponte*, consider dismissal or transfer when jurisdictional defects are clear on the face of the pleading. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). When considering dismissal or transfer, the district court evaluates "whether the claims alleged are likely to have merit." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *Faulkenburg v. Weir*,

---

[3] The return address on the envelope containing Defendant's pleading indicates that he is housed at FCI Big Spring, Texas, whereas the BOP's inmate locator places Defendant at FPC Yankton, South Dakota. Either way, Defendant is not confined in the District of New Mexico. *See* **Doc. 46 at 7** (stating that Defendant is located at "Federal Transfer Center Oklahoma City").

350 F. App'x 208, 210 (10th Cir. 2009) (unpublished). Even though the Court could cure the jurisdictional defects by transfer, doing so would "wast[e] judicial resources" because this case "is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

Although the Court does not doubt the Defendant's motion was filed in good faith, the law is not on his side. Time credit under § 3632(d)(4)(D) explicitly disqualifies convictions for fentanyl offenses under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Because Defendant pled guilty to "Possession with Intent to Distribute 40 Grams and More of Fentanyl" (**Docs. 29, 41, 42**), his conviction unequivocally renders him ineligible for time credit under 18 U.S.C. § 3632(d)(4). Transferring this case to the appropriate district would remedy the jurisdictional defects of Defendant Jarrett's instant pleading but does nothing to increase the claim's likelihood of success on the merits. Here, the interests of justice are not served by a transfer. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) (unpublished); *see also* 28 U.S.C. §§ 1406(a), 1631.

The Court also notes that Defendant Jarrett does not appear to have exhausted the available administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). There is no mention in the filing about steps taken by Defendant in accordance with the process outlined in 28 C.F.R. §§ 542.10–19. *See United States v. Yates*, No. 15-40063, 2019 U.S. Dist. LEXIS 68229, at *4–6 (D. Kan. Apr. 23, 2019) (discussing exhaustion requirement). A lack of exhaustion further supports the Court's decision not to transfer the case to the appropriate federal district.

The Court dismisses the Defendant's petition under Habeas Corpus Rule 4 and denies a certificate of appealability under Habeas Corpus Rule 11—as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion (**Doc. 42**) is **DISMISSED without prejudice** for lack of jurisdiction and a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall enter a separate judgment closing the civil habeas case.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE